UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN CERRELLA, | ) | CASE NO. 1:06 CV2101 |
| | ) | |
| Petitioner, | ) | JUDGE DAN POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, Director, Bureau of Prisons, | ) ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner John Cerrella filed an action on March 9, 2006 in the United States District Court for the District of Columbia to set aside agency action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, correct Bureau of Prisons' (BOP) records pursuant to 5 U.S.C. § 552 et seq. and a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2201 and 2241.[1] Although petitioner named the Director of the BOP, Harley G. Lappin, as respondent, Mr. Cerrella was incarcerated in the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) at the time he filed this action. As a consequence, respondent filed a motion to transfer the § 2241

---

[1] Despite his citation to the APA, Mr. Cerrella does not set forth any facts to support respondent's alleged violation of the APA.

petition to the United States District Court for the Northern District of Ohio based on this court's personal jurisdiction over petitioner's custodian. On August 1, 2006, District Court Judge Reggie B. Walton granted the respondent's unopposed motion. The matter was formally transferred to the Northern District of Ohio on August 30, 2006. The matter is now before this court for review.

*Background*

On March 20, 2003, Mr. Cerrella pleaded guilty to one count of Racketeering and Witness Tampering in the United States District Court for the Eastern District of New York. The court subsequently sentenced him to 96 months in prison on September 17, 2003. At the sentencing hearing the court allegedly ordered a revision of Mr. Cerrella's Pre-Sentence Investigative (PSI) report to reflect that "there was no actual threat of physical harm *only implied threats*." (Pet. at 3)(emphasis added.)

After petitioner's incarceration at F.C.I. Elkton he filed a Request for Administrative Remedy, Informal Resolution Form on May 3, 2005. He contended that his case manager was miscalculating his custody classification points to reflect a "Greatest Severity" rating. Petitioner complained that the Greatest Severity notation reflected that he had an "actual threat of violence" in his criminal case, which was contrary to the judge's determination. To reflect the trial court's intent, Mr. Cerrella asserts, his records should be corrected to note a "High Severity" level instead of "Greater Severity." The reduced classification would permit petitioner to be placed in a prison camp.

The prison staff responded to Mr. Cerrella's Request on May 23, 2005, stating:

> A review of file material reveals that no weapons were used in the commission of the instant offense, however, the Extortion was conducted under the threat of physical harm. . . . . However, in determining an inmates [sic] Severity of his

2

> instant offense staff must use the more severe documented behavior, which is the threat of physical harm. Based on this information the Public Safety Factor of Greatest Severity is appropriately applied and a waiver is not warranted. Additionally, you are currently being housed in the lowest security level facility for your assessed security needs.

(Req. Adm. Remedy, "Staff Response" of 5/23/05.) Mr. Cerrella appealed to F.C.I. Elkton's warden, T.R. Sniezak, who denied his Request for Administrative Remedy on June 17, 2005. In his letter to Mr. Cerrella, Warden Sniezek explained that Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, provides that "an inmate will receive a PSF of Greatest Severity for Extortion if there were weapons or threats of violence."(Letter from Sniezek to Cerrella of 6/17/05.) The warden added that

> A review of file material reveals that no weapons were used in the commission of the instant offense. However, the Extortion was conducted under the threat of physical harm. Additionally, at the time of sentencing, the court indicated that the statement referring to the threat of physical harm will be deleted and replaced with an *implied threat*. However, in determining an inmates' severity of the instant offense, staff must use the more severe documented behavior, which is the threat of physical harm.

(Letter from Sniezek to Cerrella of 6/17/05)(emphasis added.) It appears that Mr. Cerrella's subsequent appeals to both the Regional Director and the Office of General Counsel were denied on July 21, 2005 and November 3, 2005, respectively.

3

*Analysis*

Mr. Cerrella asserts that the trial judge ordered the correction of inaccurate information in his Central file.[2] However, instead of "returning the PSI to the Probation Office for correction the staff utilized the inaccurate data to make adverse determinations affecting the Petitioner's security level and facility placement." (Pet. at 4.) He complains that the BOP is in violation of the Privacy Act because it has failed to maintain its records "with such accuracy as is reasonably necessary to assure fairness to the Petitioner." Id. Mr. Cerrella claims that he has suffered actual damages to his reputation and the denial of a custody reduction and camp placement. He seeks a declaratory judgment ordering the respondent "to return the PSI in his Central File to the Probation Officer for correction in accordance with the Judge's order," as well as an amendment of his records to eliminate an reference to "actual threats."

It appears that Mr. Cerrella is seeking a custody level that would entitle him to be placed in a prison camp. The petition is, however, devoid of any case law or statutory basis upon which Mr. Cerrella bases his claim for relief.

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d. Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th

---

[2] While it appears that the trial court ordered the correction of Mr. Cerrella' PSI to reflect an "implied threat" versus an "actual threat" of violence, there is no support for his claim that the court "ordered the correction of . . . Central file." There is no directive mentioned in any of the administrative review documents that suggests that the trial court directed the BOP to take any action.

Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

This case clearly involves a challenge to the manner in which the BOP is executing Mr. Cerrella's sentence. Although he did not file this petition against his custodian, this court does have personal jurisdiction over his custodian and Mr. Cerrella has fully exhausted his administrative remedies. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981) (federal prisoner must first exhaust his available remedies before filing a § 2241 petition for habeas corpus relief).

The Attorney General had delegated the right to promulgate rules providing for the classification of inmates to the Bureau of Prisons. The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General, which includes providing for the classification of inmates. See 28 C.F.R. § 0.96(o). Here, Mr. Cerrella asserts an unsubstantiated claim that he is entitled to be classified at a minimal security level in order to be eligible for placement in a prison camp. See e.g. Jones v. United States, 534 F.2d 53, 54 (5th Cir.), cert. denied, 429 U.S. 978 (1976)), cert. denied, 449 U.S. 903 (1980)(Prison officials must have broad discretion, free from judicial intervention in classifying prisoners in terms of their custodial status). It is his belief that the BOP's decision to assign a Public Safety Factor (PSF) of Greatest Severity was "arbitrary, capricious and an abuse of discretion."

Judicial review of the control and management of federal penal institutions will be granted only upon a showing that prison officials have exercised their discretionary powers in such

a manner as to constitute clear abuse or caprice. Daughtery v. Harris, 476 F.2d 292 (10th Cir. 1973), cert. denied, 414 U.S. 872 (1973). A policy of judicial restraint cannot, however, encompass any failure to acknowledge a legitimate constitutional claim. Procunier v. Martinez, 416 U.S. 396, 404-05 (1974).

The Supreme Court has noted out that the classification of prisoners is a matter Congress delegated to the discretion of federal prison officials under 18 U.S.C. § 4081, and such classification implicates "no legitimate statutory or constitutional entitlement sufficient to invoke due process." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Thus, prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated. See id. To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," see Sandin v. Conner, 515 U .S. 472, 484 (1995), or that the government's action "will inevitably affect the duration of his sentence." Id. at 487. Petitioner has made neither showing. Therefore, his assertions regarding the assignment of a Greatest Severity PSF fails to states a claim for habeas relief.[3] The court will now examine the merits of his claim under the Privacy Act.

*Privacy Act Claim, 5 U.S.C. § 552a*

---

[3] If Mr. Cerrella believes that the trial court needs to modify, vacate or set aside the sentence it imposed, his appropriate remedy would be a motion to vacate pursuant to 28 U.S.C. § 2255. This court cannot construe this petition as such, however. See In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998))('[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.')

Mr. Cerrella's claims under the Privacy Act lack merit. The Privacy Act does not mandate that the BOP verify the accuracy of information or cease using that information. Pursuant to 5 U.S.C. § 552a(j), the BOP's inmate records systems are exempt from the access and amendment provisions of the Privacy Act. See 28 C.F.R. § 16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir.1998) (per curiam); Deters v. United States Parole Comm'n, 85 F.3d 655, 658 n. 2 (D.C. CIR.1996); see e.g. Meyer v. Federal Bureau of Prisons, 940 F. Supp. 9, 13 (D.D.C.1996)(Federal prisoner not entitled under Privacy Act to amendment of his custody classification form, since BOP regulations exempted such form from Privacy Act's amendment requirements); Taylor v. Sniezek, No. 4:05CV0620, 2005 WL 1593671, at *2 (N.D. Ohio July 6, 2005). Although inmate records systems are not exempt from § 552a(e)(5)'s accuracy requirements, see Deters, 85 F.3d at 658 n. 2, the Act permits only suits for damages for violations of this provision. See 5 U.S.C. §552a(g)(1)(C) & (4); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. CIR.1997) (per curiam). The injunctive relief Mr. Cerrella seeks for records that are not subject to amendment is, therefore, not available. See Risley, 108 F.3d at 1397.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/Dan Aaron Polster 9/27/06
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE